DAVIS H. BOWEN v. AMERICAN HOME ASSURANCE COMPANY.

(Filed 1 November, 1961.)

**Insurance § 29—**

> The evidence, considered in the light most favorable to plaintiff, *is held* sufficient to support the jury's findings that plaintiff's tobacco was damaged to the extent of five per cent or more by hail alone within the provisions of the policy of hail insurance sued on.

APPEAL by defendant from *Hall, J.,* March Civil Term, 1961, of VANCE.

Civil action to recover on CHIAA Standard Crop-Hail Policy, issued by defendant to plaintiff, on account of damage to plaintiff's tobacco crop allegedly caused by wind and hail. The court submitted, and the jury answered, these issues: "1. Was the tobacco crop in question directly damaged by hail alone on July 10, 1959, in an amount of at least five per cent? Answer: Yes. 2. If so, in what percentage was the tobacco crop in question directly damaged by hail and wind simultaneously accompanied by hail? Answer: 30%. 3. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $1,170.00."

From judgment for plaintiff, in accordance with the verdict, defendant appealed.

*Perry & Kittrell for plaintiff, appellee.*
*Joyner, Howison & Mitchell for defendant, appellant.*

PER CURIAM. There was ample evidence that, during the late afternoon of July 10, 1959, there was a storm, consisting of a hard wind, hail and rain, in the vicinity of plaintiff's 6.44-acre tobacco field; and that, as a result of said storm, plaintiff's tobacco was severely damaged.

The critical issue with reference to defendant's liability to plaintiff under the policy, was whether plaintiff's tobacco was damaged *by hail* and, if so, whether plaintiff's tobacco was damaged "to the extent of 5% or more by hail only." As to this, the evidence offered by plaintiff and defendant was in sharp conflict. Defendant's evidence tended to show the damage to plaintiff's tobacco was caused solely by wind. However, when considered in the light most favorable to plaintiff, we think the evidence was sufficient to support the jury's finding (on the first issue) in plaintiff's favor.

Consideration of each of defendant's assignments of error discloses that error, if any, in the conduct of the trial, was not sufficiently prejudicial to defendant to justify the award of a new trial. Hence, the verdict and judgment will not be disturbed.

No error.